**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

John J. Miller                                                    Case No. 13-cv-2586 (ADM/TNL)

                      Petitioner,

v.

United States of America

                      Respondent.

---

John J. Miller                                                    Case No. 13-cv-2587 (ADM/TNL)

                      Petitioner,

v.

B.J. Jett, Warden

                      Respondent.

---

**I. INTRODUCTION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (*Miller v. United States of America*, File No. 13-cv-2586 (ADM/TNL) [hereinafter *U.S.*], Docket No. 1; *Miller v. Jett*, File No. 13-cv-2587 (ADM/TNL) [hereinafter *Jett*], Docket No. 1.) The cases have been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons

below, this Court recommends granting Respondents' Motions to Dismiss and denying Miller's pending motions as moot.

## II. BACKGROUND

John Miller ("Petitioner") has been convicted twice for threatening a federal judge with kidnapping or murder with intent to retaliate "on account of . . . performance of official duties." 18 U.S.C. § 115(a)(1)(B); *see United States v. Miller*, No. 13-1874, 2013 WL 6225175, at *1 (7th Cir. Dec. 2, 2013) (discussing Miller's convictions). On October 6, 2008, Petitioner was sentenced to forty months' imprisonment followed by three years of supervised release in his first conviction. *Miller v. United States*, No. 12-cv-599-WMC, 2013 WL 6148359, at *1 (W.D. Wis. Nov. 22, 2013). In 2010, Petitioner was released from prison to a halfway house. *Id.* Petitioner, however, returned to prison approximately three months after his release for making new threats against a federal judge. *See id.* On September 7, 2011, Petitioner was sentenced to twelve months and one day of imprisonment followed by three years of supervised release for his second conviction. *Id.*

On April 16, 2013—after Petitioner continued to violate the conditions of his supervised release—the court revoked Petitioner's supervised release and sentenced Petitioner to an additional ten months in prison followed by a twelve-month term of supervised release. *Id.* Petitioner was released from custody on November 29, 2013. (*U.S.*, Docket No. 17, Groteboer Decl.) Petitioner has asked this Court for an expedited transfer to a halfway house, removal of condition five of his supervised release, and correction of alleged errors in the computation of his prison sentence.

(*U.S.*, Docket No. 1; *Jett*, Docket No. 1.) Petitioner asserts: (1) he is entitled to spend a portion of his prison sentence in a halfway house; (2) condition five of his supervised release should be removed; and (3) that the Bureau of Prisons made errors in the computation of his prison time. (*U.S.*, Docket No. 1; *Jett*, Docket No. 1.)

**III. DISCUSSION**

Article III of the Constitution provides that a federal court has jurisdiction over only an ongoing case or controversy. "When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) (citation omitted). A court "must refrain from reaching the merits [if a case is moot] because any opinion issued would be merely advisory and rest on hypothetical underpinnings." *Missouri ex rel Nixon v. Craig*, 163 F.3d 482, 484 (8th Cir. 1998).

As this District has said before, "[t]he ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the court from granting any meaningful relief to the party who initiated the action." *Woodard v. Fondren*, No. 08-cv-194, 2008 WL 5214396 (ADM/JJK), at *2 (D. Minn. Dec. 12, 2008) (citations omitted); *Gore v. Fondren*, No. 07-cv-4425 (ADM/RLE), 2008 WL 4787652, at *3 (D. Minn. Oct. 31, 2008). A prisoner's habeas corpus petition to his conviction always satisfies the case-or-controversy requirement, as incarnation is an injury caused by the conviction and the injury is redressable by overturning the conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). However, once Petitioner was

released from incarceration, some continuing injury—"some 'collateral consequence' of the conviction"—must exist for Petitioner's suit not to be moot. *Id.*

Petitioner's condition of release is not a collateral consequence. "Collateral consequences exist when a continuing injury remains 'other than the now-ended incarceration or parole.'" *Woods v. U.S. Dept. of Homeland Sec.*, No. 13-cv-737, 2014 WL 641477 (PJS/FLN), at*2 (D. Minn. Feb. 19, 2014) (citing *Sayonkon v. Beniecke*, No. 12-cv-27, 2012 WL 1621149 (MJD/JJK), at *2 (D. Minn. Apr. 17, 2012)). Condition five of Petitioner's conditions of release is not a collateral consequence because "the collateral-consequences exception does not apply where such conditions [of release] follow from the final order of removal and not from the allegedly prolonged detention itself." *Id.* Here, Petitioner's condition follows from the final order of removal. Further, given Petitioner's previous conduct and his diagnosis, this Court finds the district court did not abuse its discretion by imposing the condition. *See Miller*, 2013 WL 6225175, at *1; (*U.S.*, Docket No. 12, Groteboer Decl. Attach. D at 4.)

Petitioner also seeks a writ of habeas corpus that would place him in a halfway house and correct alleged errors in the computation of his prison sentence. (*U.S.*, Docket No. 1; *Jett*, Docket No. 1.) Because Petitioner has already been released from prison, however, reconsidering these issues "would serve no useful purpose" and would not provide Petitioner a meaningful benefit. *Woodard*, 2008 WL 5214396, at *2. Therefore, Petitioner's writ of habeas corpus is moot. *See Gore*, 2008 WL 4787652, at *4 (dismissing a habeas corpus petition as moot because petitioner was released from prison, and was not challenging a conviction involving "collateral consequences"); *Woodard*,

2008 WL 5214396, at *2 (dismissing a habeas corpus petition as moot because the petition requested reconsideration of his halfway house placement date and petitioner had already been released).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Respondents' Motion to Dismiss (*U.S.*, Docket No. 15; *Jett*, Docket No. 18) be **GRANTED** and Petitioner's pending motions (*U.S.*, Docket Nos. 2, 6; *Jett*, Docket Nos. 2, 12, 17) be **DENIED AS MOOT.**

Date:  April 9, 2014                                s/ Tony N. Leung
                                                                    Tony N. Leung
                                                                    United States Magistrate Judge
                                                                    District of Minnesota

                                                                    *Miller v. United States*
                                                                    File No. 13-cv-02586 (ADM/TNL)
                                                                    *Miller v. Jett*
                                                                    File No. 13-cv-02587 (ADM/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before **May 10, 2014.**